# IN THE COURT OF APPEALS OF IOWA

No. 17-0365
Filed March 7, 2018

**WELLS FARGO BANK, N.A.,**
    Plaintiff-Appellee,

**vs.**

**THE ESTATE OF DONALD LEONARD MORRISON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Chad A. Kepros, Judge.

The Estate of Donald Morrison appeals the district court's ruling granting summary judgment in favor of Wells Fargo Bank on Wells Fargo's foreclosure action. **AFFIRMED AND REMANDED.**

Willie E. Townsend, Coralville, for appellant.

Jesse J. E. Linebaugh and Chantel M. Kramme of Faegre Baker Daniels L.L.P., Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

Wells Fargo Bank lent funds to Donald Morrison to purchase a home in Cedar Rapids, Iowa. The promissory note reflecting the loan was secured by a mortgage on the home. After Morrison died, Wells Fargo filed a petition to foreclose without redemption. *See* Iowa Code § 654.20 (2016). The petition alleged an unpaid balance of $72,493.14.

The executors of Morrison's estate filed an answer and raised affirmative defenses based on an absence of proper notice, fraud, and bad faith.

Wells Fargo moved for summary judgment. The Estate filed a resistance without supporting affidavits. The district court found an evidentiary hearing unnecessary. The court granted Wells Fargo's motion, reasoning as follows:

> The Executors do not dispute that the note is in default, or that [Wells Fargo] is entitled to foreclose on the mortgage in the event of a default on the note. The Executors have made several generalized allegations regarding their treatment by [Wells Fargo], but the Executors have not set forth any specific evidentiary fact showing the existence of a genuine issue of material fact as to the claim stated by [Wells Fargo] in the Petition. The Executors have not submitted any affidavit to support the allegations set forth in their Resistance. Therefore, there are no disputed facts to show unclean hands on the part of [Wells Fargo] related to its actions in this matter.

On appeal, the executors contend (1) Wells Fargo "had unclean hands in its treatment of the Estate of Donald [sic] Leonard Morrison and was not entitled to summary judgment"; (2) "the foreclosure petition and the evidence before the court was insufficient to award summary judgment"; (3) "the trial court erred by failing to grant the Estate a hearing on these matters"; (4) "the granting of summary judgment under the circumstances of this case would create a flawed public policy

precedent"; and (5) "a corporation doing business in Iowa may not refuse to follow lawful orders of the district court." We address the arguments as one.

"Summary judgment is appropriate only when the moving party has demonstrated there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Homan v. Branstad*, 887 N.W.2d 153, 163-64 (Iowa 2016); *see also* Iowa R. Civ. P. 1.981(3). A party resisting a motion "shall include a statement of disputed facts, if any, and a memorandum of authorities supporting the resistance." Iowa R. Civ. P. 1.981(3).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered.

Iowa R. Civ. P. 1.981(5).

The executors failed to file a statement of disputed facts. They also failed to file affidavits controverting the allegations in the petition or supporting their affirmative defenses. As the district court determined, they did not generate an issue of material fact on Morrison's nonpayment of the note and Wells Fargo's entitlement to foreclosure. We discern no error in the district court's grant of summary judgment in favor of Wells Fargo.

Wells Fargo requests appellate attorney fees. We remand to the district court for an evidentiary hearing to fix appellate attorney fees. *See Bankers Trust Co. v. Woltz*, 326 N.W.2d 274, 278-79 (Iowa 1982).

**AFFIRMED AND REMANDED.**